UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTOINE BAILEY,

Plaintiff,

**COMPLAINT**

-against-

JURY TRIAL DEMANDED

THE CITY OF NEW YORK, ANTHONY FERNANDEZ, and JOHN DOE,

Defendants.
-----------------------------------------------------------------x

Plaintiff, ANTOINE BAILEY, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

**PARTIES**

4. Plaintiff ANTOINE BAILEY is 24 years old and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Queens. He is of African-American ancestry.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants FERNANDEZ and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants FERNANDEZ and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful function in the course of their duties. Defendants FERNANDEZ and DOE are sued individually.

## STATEMENT OF FACTS

8. On February 9, 2014, in the County of Queens, Defendant Police Officers FERNANDEZ and DOE were on patrol within the confines of the 103rd Precinct. Defendants heard what appeared to be five to seven gunshots. Defendants responded to 107-43 142nd Street where Fernandez interviewed witnesses that described two male shooters that fled on foot in black hooded sweatshirts. Fernandez then stated in a criminal complaint that he observed a black Range Rover vehicle drive away from said location at a high rate of speed. Fernandez further stated that he then observed the black Range Rover pull over and two passengers exit. After a foot pursuit Marquis Brooks and Shamiya Brummel were arrested; they were both wearing black hooded sweatshirts. A loaded firearm was recovered in the vicinity. Shortly thereafter Fernandez observed Plaintiff Antoine Bailey driving a black Range Rover. Mr. Bailey had entered his vehicle minutes earlier in front of his residence at 109-38 155th Street. Bailey, a successful recording artist was en route to the Sam Ash music store to purchase audio equipment. His brother Kevin Bailey was in the passenger seat, and due to a foot injury, walking with crutches.

9. Kevin was released at the scene while Plaintiff Antoine Bailey was brought to the 103rd Precinct for questioning. He was detained for several hours and interrogated before being charged with various felonies related to the shooting that evening. For reasons that are unclear the police generated three different arrest numbers

for Mr. Bailey relating to this incident. Additionally, Bailey was wanted on four open domestic complaints relating to one ex-girlfriend and thus four more arrest numbers were generated. The four arrests were consolidated into one misdemeanor case under docket number 2014QN001589. A felony complaint was then drafted under docket number 2014QN001587. Bail was set on the felony complaint at $150,000 bond or $75,000 cash; effectively remanding Mr. Bailey.

10. Upon information and belief Mr. Bailey was never identified by any of the eyewitnesses nor did he match a description of any of the individuals involved in the shooting incident. Further, upon information and belief the police immediately retrieved video footage related to the shooting, which footage clearly showed a different Range Rover than Mr. Bailey's fleeing the scene. Upon information and belief the Range Rover in the video lacked the bike racks contained on Mr. Bailey's vehicle. Additionally, the Range Rover in the video had running boards; a feature lacking in Bailey's vehicle. When Bailey's attorney provided photographs of Bailey's vehicle to the district attorney, Bailey was immediately released on recognizance. On October 29, 2014 all charges relating to the shooting were dismissed.[1] Mr. Bailey was in custody for approximately twenty seven (27) days.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**
(Liability of Defendant the City of
New York for Constitutional Violations)

11. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

12. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants FERNANDEZ and

[1] The misdemeanor charges relating to the domestic incidents were dismissed earlier.

DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

13. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants FERNANDEZ and DOE had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

14. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Falsification of Evidence)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. By their actions in deliberately ignoring the exculpatory video evidence and knowingly swearing out a false felony complaint Defendants FERNANDEZ and DOE falsified evidence against Plaintiff.

17. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution)

18. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19. By their actions in deliberately ignoring exculpatory evidence, Defendants FERNANDEZ and DOE maliciously prosecuted Plaintiff.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants[2]:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Three Million Dollars)

c. Costs and interest and attorneys fees.

d. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
March 3, 2015

Yours, etc.,

SCOTT G. CERBIN, ESQ., PLLC
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 596-1829

[2] Punitive damages are only sought against the individual defendant's.